FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 13, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>DANE EDWARD ANDRUS,<br><br>　　Defendant. | No. 1:15-CR-02012-SAB-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE AND COMPASSIONATE RELEASE** |

　　Before the Court is Defendant's Motion for Reduction of Sentence and Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 58. Defendant is represented by Alex B. Hernandez and the Government is represented by Benjamin Seal. Having reviewed the briefing and relevant caselaw, the Court denies the motion for compassionate release.

　　Defendant is currently serving a 96-month sentence at FCI Lompoc for bank robbery. ECF No. 50. On or about January 23, 2015, Defendant walked into a US Bank wearing a ski mask and dark sunglasses and armed with a pistol—Defendant pointed the pistol at the bank teller and the bank teller provided Defendant with approximately $2,000, after which Defendant fled the scene. ECF No. 27 at 4.

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE AND COMPASSIONATE RELEASE # 1**

Officers then located Defendant's vehicle and began a high-speed pursuit, reaching speeds of 95 to 105 miles per hour. *Id.* Defendant was ultimately arrested, and no one was injured. *Id.* Other than this federal offense, Defendant has no other criminal history. ECF No. 58 at 13. Defendant has a scheduled release date of November 16, 2021. *Id.* at 5-6.

In his motion, Defendant presents four arguments for why the Court should grant him compassionate release: (1) Defendant has exhausted his administrative remedies, (2) Defendant suffers from diabetes and high blood pressure/hypertension, which places him at risk of becoming seriously ill from COVID-19 complications, (3) continuing to incarcerate Defendant at FCI Lompoc under harsh, unsafe lockdown conditions is a sentence that is greater than necessary, and (3) Defendant is not a danger to the community. ECF No. 58 at 1-5.

First, both Defendant and the Government agree that Defendant has exhausted his administrative remedies because Defendant requested a reduction in his sentence, and over 30 days have passed since Defendant made his request. ECF No. 58 at 3-4; ECF No. 64 at 4.

Second, though Defendant contracted COVID-19 in May 2020 and recovered, Defendant argues that his preexisting medical conditions put him at a heightened risk if he were to be reinfected—specifically, Defendant alleges that he has a history of Type 2 diabetes and high blood pressure/hypertension. *Id.* at 17.

Third, Defendant argues that FCI Lompoc is unable to protect him from COVID-19 reinfection. Defendant reports that, back in May 2020, FCI Lompoc experienced the largest COVID-19 outbreak of any federal prison in the United States.[1] Defendant also reports that conditions in prison facilities make it

---

[1] Tyler Hayden, *Lompoc Prison Explodes with Active COVID-19 Cases*, SANTA BARBARA INDEPENDENT (May 13, 2020, 7:16 PM), https://www.independent.com/2020/05/13/lompoc-prison-explodes-with-active-covid-19-cases/ (accessed on January 12, 2021).

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE AND COMPASSIONATE RELEASE** # 2

impossible to maintain adequate social distancing or to provide for adequate hygiene and medical treatment. ECF No. 58 at 22. Defendant argues that—though BOP indicates that there are currently no cases of COVID-19 at Lompoc[2]—this is very difficult to determine unless BOP tests its inmates regularly to determine whether they have actually recovered. *Id.* at 23-24. Thus, Defendant argues that— given the increase in COVID-19 cases around the country— "it is only a matter of time [before] FCI-Lompoc will experience an increase in COVID cases." *Id.* at 26-27. Defendant states that BOP, in an attempt to respond to the virus, has limited social visits, inmate movement, and suspended all visits and most programming, which makes it difficult for Defendant to receive any rehabilitative resources. *Id.* at 30.

Finally, Defendant argues that his release will not pose a risk to the community. *Id.* at 13. Even though Defendant was sentenced for a crime involving a risk of violence, Defendant has never been in prison before, has already served six years of imprisonment, and only has a little less than a year remaining on his sentence. *Id.* at 14. Additionally, Defendant has stated that his brother—a non-felon with no guns or drugs in the house—lives in Eureka, Nevada and that Defendant could be released to home confinement there if the Court does want to reduce his sentence. *Id.* at 15-16.

## Motion Standard

Defendant brings his motion pursuant to 18 U.S.C. § 3582(c)(1)(A).[3] Under this provision of the First Step Act, an incarcerated person can seek compassionate

---

[2] The Court notes that, according to BOP's data, there are currently 2 total confirmed active cases (0 inmates and 2 staff) at FCI Lompoc, https://www.bop.gov/coronavirus/ (accessed January 12, 2021).

[3] (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
    (1) in any case--
        (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE AND COMPASSIONATE RELEASE** # 3

release after exhausting administrative remedies within the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). He may be eligible for compassionate release if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction, he is determined not to pose a risk of danger to the community, and a sentence reduction is consistent with United States Sentence Commission policy statements. *Id.* The Sentencing Guidelines instruct the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release and provide that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

## Discussion

The Court finds that Defendant has exhausted his administrative remedies as required by the First Step Act. Defendant made the required request for compassionate release on April 5, 2020. ECF No. 58 at 3. The Court also notes that it is frustrated by the fact that the warden at FCI Lompoc apparently did not

---

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
    (i) extraordinary and compelling reasons warrant such a reduction; or
    (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
18 U.S.C. § 3582(c)(1)(A).

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE AND COMPASSIONATE RELEASE** # 4

address or respond to Defendant's request in any way. There is nothing to suggest that giving the warden additional time to respond or that a second request by Defendant would be treated differently. Thus, the Court finds that Defendant has exhausted administrative requirements, even if he were not required to do so as some courts have held.

The Court next considers whether extraordinary and compelling circumstances exist to warrant re-sentencing Defendant to an effective sentence of time-served or to a period of home confinement. However, the Court is not able to determine based on the record before it that Defendant is at a heightened risk for serious illness or death from COVID-19. Defendant indicates he has two conditions that he believes put him at heightened risk of illness or death: Type 2 diabetes and high blood pressure/hypertension. ECF No. 58 at 17. However, Defendant is only 47 years old. *Id.* at 18. Defendant also already contracted COVID-19 in May 2020 and recovered. ECF No. 64 at 6; ECF No. 58 at 8-10. Though this does not mean that Defendant is at zero risk of serious complications were he to re-contract COVID-19, Defendant's recovery at least demonstrates that his two pre-existing conditions do not automatically put him at a heightened risk of illness or death. Moreover, the fear of contracting COVID-19 again is not an extraordinary or compelling ground for release and Defendant is likely to receive the COVID-19 vaccine relatively soon as a federal inmate. Thus, Defendant fails to meet his burden of establishing the existence of extraordinary and compelling reasons that warrant a sentence reduction.

Finally, the Court finds that the § 3553(a) sentencing factors do not favor resentencing Defendant or a sentence reduction. The Court is generally reluctant to alter sentencings after the fact and will only do so in unusual and compelling circumstances. Here, Defendant was convicted of bank robbery, during the course of which he brandished a weapon in a bank and led officers on a high-speed pursuit. This conduct constitutes an extremely serious offense, which posed a

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE AND COMPASSIONATE RELEASE # 5**

significant risk to the community. Additionally, Defendant agreed to a minimum of 96 months of imprisonment as part of his plea agreement and the Court concluded at the time of sentencing that the plea agreement was a fair resolution of the competing interests involved in sentencing. ECF No. 27. Finally, Defendant is within months of completing his term of incarceration—he is scheduled to be released on November 16, 2021. ECF No. 58 at 5-6. Thus, the Court finds that the sentencing factors articulated in § 3553(a) do not favor resentencing Defendant and that there are no compelling reasons to release Defendant early.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Reduction of Sentence and Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 58, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to Defendant and counsel.

**DATED** this 13th day of January 2021.



Stanley A. Bastian
United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE AND COMPASSIONATE RELEASE # 6**